**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6637**

TINA ETHEREDGE,

        Plaintiff - Appellant,

    v.

S. NICHOLS, in his individual capacity; GREENWOOD POLICE DEPARTMENT,

        Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Timothy M. Cain, District Judge.  (8:18-cv-02449-TMC)

Submitted:  July 22, 2021                 Decided:  August 4, 2021

Before MOTZ, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ernest Charles Grose, Jr., GROSE LAW FIRM, LLC, Greenwood, South Carolina, for Appellant.  Stacey Todd Coffee, James D. Jolly, Jr., LOGAN & JOLLY, LLP, Anderson, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tina Etheredge filed a complaint under 42 U.S.C. § 1983 and the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 to 15-78-220 (2020), against Officer S. Nichols and the Greenwood Police Department (collectively, "Defendants"). The district court, adopting the magistrate judge's report and recommendation, granted summary judgment to Defendants. On appeal, Etheredge challenges only the district court's denial of relief on her claim of malicious prosecution under South Carolina law. Etheredge argues that the district court failed to consider the evidence in the light most favorable to her and that probable cause did not support her arrest. We affirm.

We "review[] the district court's grant of summary judgment de novo, applying the same legal standards as the district court and viewing the facts and inferences drawn from the facts in the light most favorable to the nonmoving party." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (alterations and internal quotation marks omitted). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party "discharges this burden, the nonmoving party must present specific facts showing that there is a genuine issue for trial." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted). The relevant inquiry on summary judgment

2

is "whether the evidence . . . presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 756 F.3d 307, 310 (4th Cir. 2014) (internal quotation marks omitted). In evaluating a summary judgment motion, we must "not weigh the evidence or make credibility determinations." *Betton v. Belue*, 942 F.3d 184, 190 (4th Cir. 2019). "To create a genuine issue for trial, the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects*, 790 F.3d at 540 (internal quotation marks omitted).

Under South Carolina law,

> [t]o maintain an action for malicious prosecution, plaintiff must show (1) the institution or continuation of original judicial proceedings, either civil or criminal; (2) by, or at the instance of, the defendant; (3) termination of such proceeding in plaintiff's favor; (4) malice in instituting such proceedings; (5) want of probable cause, and (6) resulting injury or damage.

*Parrott v. Plowden Motor Co.*, 143 S.E. 2d 607, 608 (S.C. 1965). The district court granted summary judgment on Etheredge's malicious prosecution claim, finding that Nichols had probable cause to arrest her.

"Probable cause to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed an offense." *Humbert v. Mayor & City Council of Balt. City*, 866 F.3d 546, 555 (4th Cir. 2017) (alterations and internal quotation marks omitted). We evaluate probable cause under an objective standard, considering the totality of the circumstances known to the

officers at the time of the alleged seizure. *Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017); *see Graham v. Gagnon*, 831 F.3d 176, 184 (4th Cir. 2016).

With these standards in mind, we have reviewed the record and conclude that Nichols had sufficient facts within his knowledge to establish probable cause to arrest Etheredge. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*